The Honorable Marilyn Williams Representative, District 159 State Capitol Building Jefferson City, MO 65101
Dear Representative Williams:
This opinion is in response to your questions asking:
 (1) Does a county commissioner have the authority to waive penalties that a county assessor has assessed for a taxpayer's failure to timely file a personal property list?
 (2) If so, can a county commissioner waive such penalties if that commissioner holds a good faith belief that the taxpayer filled out the assessment form and mailed it in proper time to avoid penalty or that the assessment form was received in the county assessor's office in the proper time but perhaps misplaced in the office?
We assume your questions concern the authority of county commissioners and the assessor of a third-class county.
Section 137.280, RSMo 1994, sets forth taxpayers' duties to file personal property tax lists and assessors' duties to assess penalties for failure to timely file the lists. It provides:
 1. Taxpayers' personal property lists . . . shall be delivered to the office of the assessor of the county between the first day of January and the first day of March each year . . . . If any person shall fail to deliver the required list to the assessor by the first day of March, the owner of the property which ought to have been listed shall be assessed a penalty added to the tax bill, based on the assessed value of the property that was not reported[.]
* * *
 The assessor [in other than certain counties not relevant to your inquiry] shall omit assessing the penalty in any case where he is satisfied the neglect falls into at least one of the following categories:
 (1) The taxpayer is in military service and is outside the state;
 (2) The taxpayer filed timely, but in the wrong county;
 (3) There was a loss of records due to fire or flood,
 (4) The taxpayer can show the list was mailed timely as evidenced by the date of postmark; or
 (5) The assessor determines that no form for listing personal property was mailed to the taxpayer for that tax year; or
 (6) The neglect occurred as a direct result of the actions or inactions of the county or its employees or contractors.
 2. Between March first and April first, the assessor shall send to each taxpayer who was sent an assessment list for the current tax year, and said list was not returned to the assessor, a second notice that statutes require the assessment list to be returned immediately. In the event the taxpayer returns the assessment list to the assessor before May first, the penalty described in subsection 1 of this section shall not apply. If said assessment list is not returned before May first by the taxpayer, the penalty shall apply.
* * *
Section 137.280 requires county assessors, under certain circumstances, to waive late-filing penalties. We can find no law authorizing a county commissioner to waive a late-filing penalty. In construing statutes, we recognize that "where special powers are expressly conferred or special methods are expressly prescribed for the exercise of power, other powers and procedures are excluded." Yellow Freight Systems Inc. v. Mayor's Commissionon Human Rights of the City of Springfield, 791 S.W.2d 382, 387
(Mo. banc 1990) (quoting Brown v. Morris, 290 S.W.2d 160, 166
(Mo. banc 1956)). We, therefore, conclude that county commissioners have no authority to waive late-filing penalties.
Having concluded that county commissioners have no authority to waive late-filing penalties, it is not necessary to address your second question.
CONCLUSION
It is the opinion of this office that a county commissioner of a third-class county has no authority to waive penalties for a taxpayer's failure to timely file a personal property list with the assessor as required by Section 137.280, RSMo 1994.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General